IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUINNEIDRAH TAYLOR, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:19-cv-5954 ) |
| COMENITY BANK, | ) ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

NOW COMES the plaintiff, QUINNEIDRAH TAYLOR (hereinafter, "Plaintiff"), individually and on behalf of all others similarly situated, and for her Class Action Complaint against the defendant, COMENITY BANK (hereinafter "Defendant"), Plaintiff alleges as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691, *et seq*.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the ECOA, 15 U.S.C. §1691e(f) and pursuant to 28 U.S.C. §§1331, 1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b): a) Plaintiff resides here; b) the acts and transactions occurred here; and c) Defendant transacts business here.

### III. PARTIES

4. QUINNEIDRAH TAYLOR, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Chicago, County of Cook, State of Illinois.

5. At all relevant times, Plaintiff was an "applicant" as that term is defined by 15 U.S.C. §1691a(b).

6. COMENITY BANK, (hereinafter, "Defendant") is a bank regulated by the Federal Deposit Insurance Corporation and that has its corporate office in Delaware. Defendant does business in State of Illinois.

7. At all relevant times, Defendant acted as a "creditor" as that term is defined by 15 U.S.C. §1691a(e).

## IV. GENERAL ALLEGATIONS

8. On or about April 7, 2019, Defendant sent Plaintiff a correspondence regarding her Wayfair credit card. A true and exact copy of said correspondence is attached hereto as **Exhibit A**.

9. In the correspondence attached as Exhibit A, Defendant stated, *inter alia*:

> "After a recent review, we're now writing to let you know your credit limit is being reduced to $750.00. This is happening due to a significant decrease in your credit score from your credit bureau. Issues that may influence credit scores include:
>
> **Contact your credit bureau to learn more.**" (emphasis in original).

10. The aforesaid correspondence attached as Exhibit A described an "adverse action," as that term is defined by 15 U.S.C. §1691(d)(6), that was being taken against Plaintiff by Defendant.

11. In the correspondence attached as Exhibit A, Defendant stated that Plaintiff's credit score as of March 5, 2019 was 518.

12. In the correspondence attached as Exhibit A, Defendant stated that it obtained Plaintiff's credit score and report from Equifax Credit Information Services, Inc. (hereinafter, "Equifax").

13. Also on or about April 7, 2019, Defendant sent Plaintiff a second correspondence, this one regarding her The RoomPlace credit card. A true and exact copy of said correspondence is attached hereto as **Exhibit B**.

14. In the correspondence attached as Exhibit B, Defendant stated, *inter alia*:

> "After a recent review, we're now writing to let you know your credit limit is being reduced to $3,050.00. This is happening due to a significant decrease in your credit score from your credit bureau. Issues that may influence credit scores include:
>
> **Contact your credit bureau to learn more.**" (emphasis in original).

15. The aforesaid correspondence attached as Exhibit B described an "adverse action," as that term is defined by 15 U.S.C. §1691(d)(6), that was being taken against Plaintiff by Defendant.

16. In the correspondence attached as Exhibit B, Defendant stated that Plaintiff's credit score as of March 5, 2019 was 518.

17. In the correspondence attached as Exhibit B, Defendant stated that it obtained Plaintiff's credit score and report from Equifax.

18. Upon information and belief, the credit score that Equifax provided to Defendant for Plaintiff on March 5, 2019 was substantially higher than 518.

19. In each of the aforesaid correspondences attached hereto as Exhibits A and B, respectively, Defendant failed to provide Plaintiff a statement of reasons for its action.

20. In each of the aforesaid correspondences attached hereto as Exhibits A and B, respectively, Defendant failed to provide Plaintiff with a notice that she was entitled to a statement of reasons for its action within thirty days after receipts by Defendant of a request made within sixty days of its notification.

21. In each of the aforesaid correspondence attached hereto as Exhibits A and B, respectively, Defendant failed to provide Plaintiff with the identity of the person or office from which she could obtain a statement of the reasons for its action.

22. By failing to provide Plaintiff with a statement of reasons for its reduction in Plaintiff's credit limits, Defendant deprived Plaintiff of information necessary to determine why Defendant took such action. Such information would have allowed Plaintiff to attempt to correct any erroneous information and take measures to improve her credit standing.

## V. VIOLATIONS OF THE ECOA

23. Pursuant to section 1691(d) of ECOA:

> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by –
>
> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>
> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.

15 U.S.C. § 1691(d)(2).

24. Defendant violated the ECOA. The right to a statement of reasons for adverse action guarantees that consumers are provided with information about the true reasons that a creditor has chosen to decline a consumer credit or negatively change the terms of credit. This requirement helps to ensure that consumers are not discriminated against and provides consumers with information necessary to improve their credit standing, either by alerting them to inaccurate information appearing on their credit reports, or by providing consumers with the specific items

included in their credit reports that are hurting their ability to obtain credit. This, in turn, allows consumers to either dispute the inaccurate information to the respective consumer reporting agencies, or work toward improving the items on their credit reports that are most detrimental. In failing to provide Plaintiff with a statement of reasons for its adverse action, Defendant deprived Plaintiff of this vital information.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

26. As a result of the above violations of the ECOA, Defendant is liable to Plaintiff for actual damages, punitive damages, attorneys' fees and costs.

## VI. CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of herself and:

> all consumers to whom Defendant sent a form letter in substantially the same format as Exhibits A and B, providing notice of an adverse action without providing either a statement of reasons for such action or a notice that a consumer was entitled to a statement of reasons for such action, from two years before the date of this Complaint to the present.

28. This action seeks a finding that Defendant's form letter violates the ECOA, and asks that the Court award damages as authorized by §1691e of the ECOA.

29. The class is so numerous that joinder of members is impracticable.

30. The exact number of class members is unknown to Plaintiff at this time but can be easily ascertained through appropriate discovery.

31. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

32. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact

predominate over questions that may affect individual class members. Such issues include, but are not limited to:

    a. The existence of Defendant's identical conduct particular to the matters at issue;

    b. Defendant's violations of the federal Equal Credit Opportunity Act;

    c. The availability of statutory penalties;

    d. The availability of attorneys' fees and costs.

33. The claims of Plaintiff are typical of those of the class she seeks to represent.

34. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class members would require proof of the same material and substantive facts.

35. Plaintiff possesses the same interests and has suffered the same injuries as each class member.

36. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

37. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

38. Plaintiff is willing and prepared to serve this Court and proposed class.

39. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

40. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

42. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on ground generally applicable to the class, making final declaratory or injunctive relief appropriate.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

45. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in Plaintiff's Complaint in that:

    a. Individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake;

    b. As a result, very little litigation has been commenced over the controversies alleged in Plaintiff's Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; and,

    c. The concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

WHEREFORE, Plaintiff, QUINNEIDRAH TAYLOR, individually and on behalf of all others similarly situated, prays for judgment as follows:

a. Certify the class in this matter, appoint Plaintiff as class representative and her attorneys as class counsel;

b. Finding that Defendant violated the Equal Credit Opportunity Act;

c. Enter judgment in favor of Plaintiff and the Class, and against Defendant, for actual and punitive damages, costs, and reasonable attorneys' fees as provided by §1691e of the ECOA; and,

d. Awarding Plaintiff, and all others similarly situated, any other relief deemed appropriate by this Honorable Court.

### VII. JURY DEMAND

46. Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**QUINNEIDRAH TAYLOR, individually and on behalf of all others similarly situated,**

By: ___s/ David M. Marco___
Attorney for Plaintiff

Dated: September 5, 2019

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com